# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Prince Prince,

    Petitioner,

v.

David R Rivas, et al.,

    Respondents.

No. CV-26-02288-PHX-JCH

**ORDER**

Before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R&R") (Doc. 13) recommending the Court deny the Petition. Petitioner filed an Objection to the R&R (Doc. 14). For the following reasons, the Court will overrule Petitioner's objection, adopt Judge Metcalf's R&R in full, and deny the Petition.

**I.    Relevant Facts**

The R&R provides a summary of the relevant facts to which Petitioner does not object.[1] *See* Doc. 13 at 1–3. Relevant to the Objection, Petitioner does not dispute that when Petitioner was apprehended and detained in 2021, he was granted work authorization and discretionary parole under 8 U.S.C. § 1182(d)(5). *See* Doc. 1-1 at 4 (interim notice authorizing parole under § 1182(d)(5) attached as an exhibit to the Petition).

///

---

[1] The objection states that on June 9, 2026—after the R&R was issued—an immigration judge denied Petitioner's application for asylum and ordered his removal. Doc. 14 at 2. Petitioner plans to appeal the decision to the Board of Immigration Appeals. *Id.*

## II.    Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object. *See* § 636(b)(1). If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own." *Morris v. Shin*, No. CV 20-322, 2023 WL 6248830, at *7 n. 5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).

## III.    Analysis

The R&R addresses the issue of whether 8 U.S.C. § 1225 or § 1226 applies to Petitioner and finds that § 1225 applies because Petitioner "was apprehended after illegally entering, put into removal proceedings, and was at loose in the United States only under § 1182(d)(5) parole." Doc. 13 at 6. Petitioner's Objection argues this finding was in error because "Petitioner was most recently detained by Respondent years after he was paroled into the United States," and *Department of Homeland Security v. Thuraissigiam* does not apply to him. Doc. 14 at 2. *See also Dep't of Homeland Sec. v. Thuraissigiam* 591 U.S. 103, 140 (2020) ("[A]n alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry.'" (quoting *Zadvydas v. Davis*, 533 U. S. 678, 693 (2001)). Petitioner argues that the Court must consider whether Petitioner was an "'arriving alien' who was 'seeking admission' *when he was detained on March 28, 2026*," to determine whether section § 1225 applies. Doc. 14 at 3 (emphasis added). This argument is unavailing.[2]

---

[2] The R&R already addressed this argument. Doc. 13 at 5 (Petitioner's argument that he fell outside of § 1225 when he lived in the United States for four years while on § 1182(d)(5) parole is foreclosed by the language of that statute). Accordingly, the Court is not required to review Petitioner's objection de novo. *See Curtis v. Shinn*, No. CV-19-04374-PHX-DGC-JZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6, 2021). Still, for the sake of thoroughness, the Court will explain its reasoning.

- 2 -

Under 8 U.S.C. § 1225(b), if an immigration officer determines that a noncitizen arriving in the United States is inadmissible, the officer must ordinarily order the noncitizen removed unless the noncitizen indicates an intent to apply for asylum or a fear of persecution, in which case the officer will refer the noncitizen for an asylum interview. §§ 1225(b)(1)(A)(i), (ii). If the asylum officer determines that the noncitizen has a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). Alternatively, if a noncitizen does not express fear of persecution or an intent to apply for asylum but the examining immigration officer determines the noncitizen "is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a proceeding under 8 U.S.C. § 1229a. § 1225(b)(2)(A).

While both §§ 1225(b)(1) and 1225(b)(2) contemplate mandatory detention, "[t]he Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5). The statute explicitly states that "such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled." *Id.*

According to Petitioner, when Petitioner entered the United States in 2021 without inspection or admission, DHS "conducted a Credible Fear Interview of the petitioner by an Asylum Office[r] who determined the petitioner established a well-founded fear of persecution in India." Doc. 1 at 3. As a result, Petitioner was released from DHS custody on interim parole status under 8 U.S.C. § 1182(d)(5). *Id.*; Doc. 1-1 at 4. These facts place Petitioner squarely under the category of noncitizens described in § 1225(b)(1).[3] Section

---

[3] Even if the Court were to accept Petitioner's argument that there is "no evidence on the record to suggest Petitioner is a member of the group subject to mandatory detention under § 1225(b)(1) or that he is seeking asylum through the § 1225(b)(1) process," Doc. 1 at 10, he would be subject to mandatory detention under 1225(b)(2). Parole under § 1182(d)(5) applies specifically to "any alien applying for admission to the United States." More specifically, it applies to noncitizens who have been or are detained because they are

1182(d)(5) explicitly states that the parole does not constitute admission, and once the purpose of the parole has been served a noncitizen "shall forthwith return or be returned *to the custody from which he was paroled*." *Id.* Accordingly, under the statutory scheme, parole under § 1182(d)(5) cannot transform the nature of a noncitizen's detention.

Here, it is clear that Petitioner was detained upon his arrival in the United States in 2021 under § 1225(b). He was released on humanitarian parole under § 1182(d)(5), and that parole was revoked when he was redetained in March 2026. Accordingly, he returned to custody—and remains in custody—under § 1225(b). The Court cannot find that Petitioner is now subject to § 1226 and entitled to a bond hearing on that basis.[4] The Court will adopt Judge Metcalf's recommendation and deny the Petition.

**IV.    Order**

Accordingly,

**IT IS ORDERED adopting in full** the R&R (Doc. 13).

**IT IS FURTHER ORDERED denying** the Petition (Doc. 1). The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 5th day of August, 2026.

_____
John C. Hinderaker
United States District Judge

---

subject to expedited removal, have been placed in proceedings under 8 U.S.C. § 1229a, or have been referred for asylum proceedings. *See* 8 C.F.R. § 212.5(b); 8 C.F.R. §§ 235.3(b), (c). Accordingly, the fact that Petitioner was released under § 1182(d)(5), rather than through a different mechanism, indicates he was originally detained as an "arriving alien" under § 1225(b). Petitioner presents no evidence to the contrary.

[4] Because the only issue before the Court involves the nature of Petitioner's detention, the Court has not considered whether Petitioner had a liberty interest in his § 1182(d)(5) parole or whether Petitioner may be entitled to relief based on the length of his detention.